## WILLIAM H. WEBBER *vs.* GEORGE W. ORNE.

An auditor's report to the justices' court of Suffolk may be recommitted to the auditor for amendment by an order of the superior court, after the case has been taken there by appeal; and the amended report may be used as evidence at the trial in that court.

An auditor to whom a report is recommitted for amendment in matter of form need not give notice to or hear the parties.

ACTION OF CONTRACT upon an account annexed. In the justices' court for the county of Suffolk the case was referred to an auditor, who made a report in favor of the plaintiff; and judgment was rendered for him.

The defendant appealed to the superior court of Suffolk, and there objected to the acceptance and use of the auditor's report, because it was indefinite, uncertain and insufficient. The plaintiff then moved that the report be recommitted to the auditor to restate the account and make report thereof, to meet the defendant's objection. The court ordered the report to be recommitted, and this order was entered on the docket, but no new rule was taken out. The auditor afterwards, without notice to either party, or further hearing of evidence, returned an amended report, finding the same amount due from the defendant to the plaintiff, and stating in detail the items and amounts allowed and disallowed. To this report the defendant objected, "because the auditor had no authority to make such or any amended report; and because no notice was ever given to the defendant, nor any hearing allowed to him by the auditor, before making up and filing the amended report." But *Nash,* J., on the facts appearing of record and on those not disputed, decided as a matter of fact that the report was recommitted to amend matter of form, and admitted it in evidence. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. H. Kingsbury,* for the defendant.

*B. E. Perry,* for the plaintiff.

BIGELOW, J. There can be no doubt of the authority of the justices' court for the county of Suffolk to appoint an auditor

in a case like the present, under *St.* 1856, *c.* 202. This is not disputed by the defendant. It was therefore competent evidence in the hearing of the case in that court, and was properly transmitted to the superior court after the appeal was taken under the Rev. Sts. *c.* 85, § 15, which require the originals of depositions and other written evidence or documents to be produced in the appellate court. The validity of the report was not affected by the appeal. It formed no part of the judgment in the lower court. It was the report of an auditor duly appointed, which is made competent evidence by statute; and, like depositions and other duly authenticated papers, was admissible in all stages of the cause, when it was necessary and proper to offer proof. Nor did the recommitment of the report to the auditor render it invalid. So far as any authority was wanting to enable the auditor to act anew in the matter, it was given by the order of the court under which it was sent back to him for revision; and the omission to give notice to the defendant before making up and filing the amended report is wholly immaterial, because the amendment consisted of matter of form only, and not of substance, and the presence of the defendant before the auditor when such amendment was made would have been of no avail. *Gardner* v. *Field,* 5 Gray, 600.

*Exceptions overruled.*